978 F.2d 745
 298 U.S.App.D.C. 248
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES
v.
Kelvin BENNETT, Appellant.
 No. 91-3108.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 27, 1992.
 
 Before RUTH BADER GINSBURG, BUCKLEY and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied, after full review of the issues presented, that appropriate disposition of the case does not warrant a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 Appellant Kelvin Bennett was tried by jury and found guilty of possession with intent to distribute phencyclidine (PCP) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Sentenced on May 6, 1991, Bennett challenges his conviction on multiple grounds. We take up first his argument that evidence recovered from his car should have been suppressed as the fruit of an illegal search and seizure.
 
 
 5
 The search of Bennett's car occurred on September 12, 1990 and was prompted by detailed tips given to the police by a reliable informant. The informant supplied a precise block location at which a man sitting in a car and two women were "dealing drugs"; the "drug store," according to the informant, would be found in a brown purse. In a drive-by visual inspection in the company of a police officer, the informant identified the three individuals at the scene the informant had earlier described. Moments later, responding to the "lookout," the apprehending officers arrived.
 
 
 6
 Those officers found Bennett sitting in the car and the two women standing near it. The officers observed one of the women as she dropped a brown purse into Bennett's car. The police thereupon detained the three individuals and recovered the purse. It contained numerous packets of cocaine base (crack), PCP, and marijuana, $1066 in cash, and a photo identification of one of the women. Ordering Bennett out of the car, the police searched it. They found a red cup protruding from under the front seat and a tote bag on the seat. The tote bag contained Bennett's picture identification and cocaine base; the cup contained PCP.
 
 
 7
 In accord with the district court, we conclude that the police, based on the specificity of the tip, had probable cause to search the brown purse dropped into Bennett's car, and the requisite reasonable suspicion under Terry v. Ohio, 392 U.S. 1 (1968), to stop Bennett. Once the purse search revealed drugs, the officers had probable cause to arrest Bennett; the attendant search of Bennett's car was incident to his arrest, and lawful on that account. See United States v. Robinson, 414 U.S. 218, 224 (1978).
 
 
 8
 Bennett next urges that the district court erred in denying his motion to sever his trial from that of the two women apprehended with him. Bennett alone was charged with possession of the PCP in the cup; only the women, and not Bennett, were indicted for the drugs in the brown purse. Joinder is proper under Federal Rule of Criminal Procedure 8(b) when the government asserts a common scheme or plan linking the transactions and defendants and demonstrates before trial a substantial overlap of issues and evidence. See United States v. Perry, 731 F.2d 985, 989-92 (D.C.Cir.1984).
 
 
 9
 The evidence in this case sufficed to show that Bennett and his co-defendants, although charged with discrete offenses, were involved in a common scheme. A reliable informant had told the police that Bennett and the two women were together involved in drug dealing. Both women were near Bennett's car when the police arrived. One of the women promptly dropped the drug-filled purse into Bennett's car. Drugs of the same kind and packet sizes were found in the purse and car. Inspection of the trial record leaves no doubt that issues and proof overlapped.
 
 
 10
 Nor do we find potent Bennett's argument that, under Federal Rule of Criminal Procedure 14, severance should have been ordered to avoid prejudice. Rule 14 decisions are entrusted to the experienced judgment of the trial court and are reversible only for abuse of discretion. See United States v. Manner, 887 F.2d 317, 324 (D.C.Cir.1989), cert. denied, 493 U.S. 1062 (1990). No such abuse occurred here.
 
 
 11
 An expert testified that the drugs found in the cup had a street value of approximately $300, considerably less than the estimated $1200 value of the drugs in the purse. While that disparity cut in favor of Bennett's plea for severance, countervailing considerations supported joinder: all three defendants were identified by the informant as working together; the drugs in both the purse and the cup in the car were of a quantity and in a form of packaging that suggested intent to distribute. The evidence found in the purse easily could be separated in a trier's mind from that found in the containers on and under the car seat. Thus, juror confusion was unlikely. These considerations lead us to conclude that any prejudice Bennett might have suffered from joinder was not so great as to render the ruling against severance an abuse of discretion.
 
 
 12
 On brief, Bennett contended that the district court erred in denying his motion in limine to bar the government from impeaching him with his prior felony conviction. At oral argument, his counsel withdrew this objection, candidly acknowledging that it is foreclosed by the holding in Luce v. United States, 469 U.S. 38, 43 (1984) ("to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify").
 
 
 13
 Bennett does pursue here the district court's denial of another in limine motion. At a first trial, Bennett had been convicted only for possession of the cocaine base found in his tote bag. When retried on the PCP possession with intent to distribute charge, Bennett sought to bar as evidence against him the tote bag crack that had formed the basis for his first trial conviction. He now asserts that the district court improperly admitted this "other crime" evidence, see Federal Rule of Evidence 404(b), and that, even if admissible under Rule 404(b), the tote bag crack should have been excluded under Federal Rule of Evidence 403 because its probative value was substantially outweighed by its prejudicial character.
 
 
 14
 Bennett's tote bag was recovered at the same time as the PCP-filled cup under his seat; the government sought admission of the crack contained in the bag not to prove bad character but to show Bennett's knowledge of and connection to the drugs in his car. The evidence was thus admissible under Rule 404(b). We review the district court's Rule 403 evaluation only for "grave abuse" of discretion, see, e.g., United States v. Miller, 895 F.2d 1431, 1437 (D.C.Cir.), cert. denied, 111 S.Ct. 79 (1990), and find that standard plainly not met. Bennett disclaimed knowledge of any drugs beneath his seat. The tote bag evidence was highly probative on this key issue, for it showed that Bennett was indeed aware of the presence of contraband in his car.
 
 
 15
 Finally, Bennett contests the sufficiency of the evidence to sustain the conviction for possession with intent to distribute PCP. Reviewing the evidence in the light most favorable to the government, see United States v. Poston, 902 F.2d 90, 94 (D.C.Cir.1990), we find ample support for the jury's verdict. The police apprehended Bennett sitting in his own car with cocaine base in his tote bag and a cup of PCP packets beneath his seat. It was reasonable for jurors to conclude, particularly in view of the crack Bennett had in his tote bag, that he knowingly possessed drugs found in his car. See United States v. Whitfield, 629 F.2d 136, 143 (D.C.Cir.1980) (jurors reasonably could conclude owner and operator of car possessed firearm found within easy reach of driver's seat), cert. denied, 449 U.S. 1086 (1981). Jurors, further, could reasonably conclude from the testimony concerning the smell given off by PCP that Bennett knew of the cup under his seat and its unlawful contents. The packaging and number of packets, we note, supplied clear support for a finding of intent to distribute.